IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 1:22-cv-2528

NATALIA A. GONCHAROVA-SOUDER, and

JOHN STEVEN SOUDER,

    Plaintiffs,

v.

GENERAL SHALE BRICK, INC.,

d/b/a ROBINSON BRICK COMPANY,

    Defendant.

## ORDER

Before the Court is Plaintiffs' "Motion to Remand" and "Brief in Support of Motion to Remand." (["Motion to Remand"], Doc. No. 11; ["Brief"], Doc. No. 12.) Defendant has responded in opposition and Plaintiffs have replied. (["Remand Response"], Doc. No. 18; ["Remand Reply"], Doc. No. 22.) Defendant also moved to strike Plaintiff Natalia A. Goncharova-Souder's affidavit in support of the Motion to Remand. (["Motion to Strike], Doc. No. 23.) Plaintiffs responded and Defendant replied. (["Strike Response"], Doc. No. 24, ["Strike Reply"], Doc. No. 25.)

**STATEMENT OF THE CASE**

This matter concerns an easement across Defendant's property ("Easement") granting access to the property where Plaintiffs currently reside, 22540 Morning Star View, Calhan, CO 80808 ("Souder Property"). (*See* Doc. No. 5 at ¶¶ 1, 5.) Plaintiffs contend that

> [Defendant] General Shale's operations have destroyed part of the Easement property before it reaches the Souder Property and rendered it unusable and impassable for vehicular traffic. In order to access their home, Plaintiffs must drive outside of the Easement to avoid the damages part of the road, following a route which is very rocky or driving across a field, alternatives which are both very inconvenient.

(*See id.* at ¶ 9.) Plaintiffs claim that Defendant's mining operations have destroyed the existing driveway and that Plaintiffs are entitled to damages and injunctive relief in connection with Defendant rendering the Easement unusable and impassable. (*Id.* at ¶¶ 16-31.)

Based on these allegations, Plaintiffs commenced this action in the District Court for El Paso County, on September 9, 2022. (["Notice of Removal"], Doc. No. 1 at ¶ 1.) On September 28, 2022, Defendant filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 asserting federal jurisdiction predicated upon diversity of citizenship. (*Id.* at ¶ 3.) In the Notice of Removal, Defendant states that the amount in controversy exceeds $75,000 because "[i]n Plaintiffs' claim for injunctive relief, they 'request that the Court enjoin General Shale from preventing Plaintiffs from accessing their property through the Easement.'" (Doc. No. 1 at ¶ 8.) Defendant goes on to explain that "[o]ne suggestion presented by Plaintiffs' in their Complaint is that General Shale would allegedly not be in breach of the easement deed if General Shale temporarily or permanently relocated the easement." (*Id.*) Defendant then infers that "if Plaintiffs were to prevail, the relief awarded to them would be (1) an award of damages plus the cost to temporality [sic] or permanently relocate the easement; and/or (2) an award of damage plus the

cost to perform work on the easement." (*Id.*) Defendant concludes that, "[e]ither of these awards …would exceed a $75,0000 value[.]" (*Id.*)

On October 18, 2022, Plaintiffs filed their Motion to Remand. In it, Plaintiffs concede that Defendant "is a Delaware corporation with its principal place of business located at 3015 Bristol Hwy, Johnson City, TN 37601." (Doc. No. 11 at ¶ 3.) However, they argue that the "fee title owner of the real property at issue in this case is Robinson Brick Company[,]" which is, according to Plaintiffs, a "Colorado corporation[.]" (*Id.*) Plaintiffs also argue that Defendant has not proved by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount because their Notice of Removal only makes the disputed claim that an award in favor of Plaintiffs would exceed $75,000. (Doc. No. 12 at ¶¶ 26-29.) Plaintiffs seek fees and expenses associated with the Motion to Remand because Defendant "had no reasonable basis to remove this case." (*Id.* at ¶¶ 43-45.)

In its Remand Response, Defendant argues there is complete diversity amongst the parties because, as Plaintiffs concede, Defendant is a Delaware corporation with its principal place of business in Tennessee. (Doc. No. 18 at 3 (citing 28 U.S.C. § 1332(c)(1)).) Defendant acknowledges that it merged with Robinson Brick Company in 2008, but argues that the Statement of Merger demonstrates Defendant, not Robinson Brick Company, is the surviving entity. (*See* Doc. No. 18-1.) As for the amount in controversy, Defendant submits the Affidavit of Harold Stickler, plant manager for Defendant, whose job duties include projecting the cost of construction and maintenance, including cost of constructing easement roads. (*See* Doc. No. 18-2.) In his affidavit, Mr. Stickler makes the following statements:

- The easement property or road is approximately ½ mile long.

- While General Shale disagrees that its operations have destroyed any part of the easement property or taken any action that renders the easement property unusable and impassable, if General Shale were required to prepare the easement property and grade and/or reslope it, and conduct other operations to satisfy the demands of the Plaintiffs, the cost to do so would exceed Seventy Five Thousand Dollars ($75,000.00).

- Further, based on my experience as a Plant Manager, the expense of building a 0.5 mile long road on the General Shale property-which would involve permitting, land clearing, grading or resloping, installing a drainage system, materials, equipment, and labor-would cost approximately $150,000.

(Doc. No. 18-2 at ¶¶ 5-7.)

Plaintiffs reply with the Affidavit of Natalia A. Goncharova-Souder, describing the Easement and its relation to the Souder Property. (Doc. No. 22-1 at ¶ 9.) Her affidavit also attaches several estimates for "repairing the half mile of road that is damaged." (*Id*.) The estimates range from approximately $20,000 to $45,000. (*Id.*; Doc. Nos. 22-2, 22-3, 22-4, 22-5, 22-6.)[1] Plaintiffs' Remand Reply focuses exclusively on the amount in controversy, without any additional argument concerning diversity of citizenship. (*See* Doc. No. 22.)

## STANDARD OF REVIEW

---

[1] Defendant moves to strike Plaintiffs' affidavit, arguing it is inadmissible because it includes a statement of opinion beyond Ms. Goncharova-Souder's personal knowledge. (Doc. No. 23 at 1). Defendant also argues the attached estimates are inadmissible hearsay made by a non-party with no factual connection to the case. (*Id.*) The Court is not persuaded by these arguments. The relevant portions of Ms. Goncharova-Souder's affidavit describe items and issues about which Ms. Goncharova-Souder has personal knowledge. In particular, she describes access to her home, the portions of the Easement that have suffered damage, and the ways in which that damage impacts Plaintiffs. Additionally, she states that she and Mr. Souder received the estimates, and she describes the scope of work associated with those estimates, which scope of work is also reflected in the estimates themselves. (*See* Doc. No. 22-1 at ¶ 9.) It stands to reason that the scope of work she describes, and the scope of work reflected in the estimates she received, is precisely the scope of work that would satisfy the very claims she brings.

"Federal courts are courts of limited jurisdiction and, as such, much have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable, only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (stating that removal is appropriate "if, but only if, federal subject-matter jurisdiction would exist over the claim.") (internal quotations omitted). "This jurisdictional prerequisite to removal is an absolute, nonwaivable requirement." *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)). Remand to state court is, therefore, required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The federal removal statute, 28 U.S.C. § 1446, obligates a removing party to "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal must be timely filed. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016) (citing 28 U.S.C. § 1446(b)(1)). "Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed." *Darr v. N.M. Dep't of Game & Fish*, 403 F. Supp. 3d 967, 994 (D.N.M. 2019) (quoting *Thompson v. Intel Corp.*, 2012 WL 3860748, at *5 (D.N.M Aug. 27, 2012). A removal that does not comply with the express statutory requirements is defective, and the court may, upon request, remand the case to state court. *See Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("The two categories of remand within § 1447(c) . . . are remands for lack of subject matter jurisdiction

and for defects in removal procedure"); *see also Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076-77 (10th Cir. 1999) (explaining that a procedural defect in removal, although proper grounds for removal, "does not involve the subject matter of the court and may be waived").

As the party invoking federal jurisdiction, Defendant bears the burden to prove its existence. *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citing *Safe Streets All. V. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017)); *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) ("The removing party has the burden to demonstrate the appropriateness of removal from state to federal court."). Each jurisdictional fact must be established by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted); *see Grabel & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 310 (2005) (explaining that strict construction serves the goal of "not distort[ing] any division of labor between the state and federal courts").

## ANALYSIS

In this case, Defendant alleges subject matter jurisdiction predicated upon diversity of citizenship, which requires: (1) complete diversity among the parties; and (2) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

If, as here, a plaintiff's complaint does not explicitly state the amount in controversy, a defendant may simply state the amount in the notice of removal. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). Typically, the "notice

of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. However, if a plaintiff contests the amount, as Plaintiffs do here, Defendant must present "[e]vidence establishing the amount[.]" *Id.* The burden is on the Defendant to prove, by a preponderance of the evidence, that the amount exceeds $75,000. *See Caballero*, 945 F.3d at 1273; *Baby C*, 138 F. App'x at 83.

      Here, Defendant's submissions fall short of that standard. Mr. Stickler's affidavit estimates that the cost to build a new road would be approximately $150,000, and that if Defendant "were required to prepare the easement property and grade and/or reslope it and conduct other operations to satisfy the demands of the Plaintiffs, the cost to do so would exceed Seventy-Five Thousand Dollars ($75,000.00)." (Doc. No. 18-2 at ¶¶ 5-7.) Mr. Stickler does not break down his estimated costs, nor does he explain the necessary work, nor does he describe the alleged "demands" on which his estimates are based. Thus, the Court is left to presume that the "demands" Mr. Stickler is referring to are the demands made in the Complaint and characterized in Defendant's briefing. However, the Court is troubled by Defendant's characterization of Plaintiffs' demands. For example, in arguing that the amount in controversy exceeds $75,000, Defendant relies on a "suggestion" allegedly presented by Plaintiffs "that General Shale would allegedly not be in breach of the easement deed if General Shale temporarily or permanently relocated the easement." (Doc. No. 1 at ¶ 8.) But a close review of the Complaint reveals that the idea of temporary relocation stems from a discussion between Defendant and the prior homeowners. (*See* Doc. No. 5 at ¶ 13 ("Plaintiffs' predecessor-in-title contacted General Shale in an effort to resolve concerns related to the physical condition of the Easement…..Potential solutions to these issues that were discussed included restoring the existing easement…or

temporarily or permanently relocating the Easement.").) In other words, temporary relocation was on the table as a possible solution when the prior homeowners raised the issue, but it is not necessarily a demand Plaintiffs are making now. To the extent Plaintiffs reference the idea of temporary relocation in other areas of the Complaint, it seems to be a general reference to Defendant's options and their failure to take action.

In comparing Plaintiffs' evidence (estimates from disinterested third parties reflecting a specific scope of work that would satisfy Plaintiffs' demands) with Defendant's evidence (conclusory statements from Defendant's own employee about a general scope of work), the Court finds Defendant has not satisfied its burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Plaintiff's evidence tips the scales against removal, but even if the scales were fairly balanced, all doubts would be resolved in favor of remand. *See Fajen*, 683 F.2d at 333 ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."); *Grabel*, 545 U.S. at 310 (strict construction serves the goal of "not distort[ing] any division of labor between the state and federal courts"). Thus, the Court finds it has no subject matter jurisdiction to hear the claims and the matter should be remanded to state court.

Still, and despite this finding, an award of fees and costs is not appropriate. The United States Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Although the Court cannot be sure that Defendant removed this matter in good faith, the arguments in favor of diversity jurisdiction are at least

colorable, and indeed in their Remand Reply, Plaintiffs seem to have abandoned the diversity of citizenship arguments.

Accordingly, it is

**ORDERED** that Plaintiffs' "Motion to Remand" (Doc. No. 11) is **GRANTED in part and DENIED in part.** The Clerk of Court shall **REMAND** this case to El Paso County District Court and shall **CLOSE** the case here.

It is also

**ORDERED** that Defendant's Motion to Strike Plaintiffs' Affidavit in Support of Motion to Remand (Doc. No. 23) is **DENIED**.

This 17th day of May, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge